Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI220003088
Transaction ID: 0018277513
Filing Date: 04/26/2022 04:42:05 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| KRISTINE WERSCHING, ) | CASE NO. CI |
| ) | |
| Plaintiff, ) | COMPLAINT, |
| v. ) | DEMAND FOR JURY TRIAL, |
| ) | and PRAECIPE |
| NEBRASKA METHODIST ) | |
| COLLEGE OF NURSING AND ) | |
| ALLIED HEALTH, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, by and through her attorneys, and for her complaint against the Defendant states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Kristine Wersching, who suffers from a disability, brings this civil action against Defendant Nebraska Methodist College of Nursing and Allied Health (hereinafter NMC or Nebraska Methodist College) alleging that it willfully and/or recklessly and repeatedly violated Title III of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12181-12189, and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, by failing to implement (or order the implementation of) the reasonable accommodations Plaintiff had been granted by Defendant and by engaging in other discriminatory and retaliatory actions, including, but not limited to expulsion from Defendant's Diagnostic Medical Sonography (DMS) Program.

2. In August 2020, Plaintiff Kristine Wersching commenced her higher education in Defendant's Diagnostic Medical Sonography Program located in Omaha, Nebraska. In February 2021, Defendant's Director of Academic Success, Lisa Flairty, granted Plaintiff's reasonable accommodation requests, which included: (1) extended time (1.5x) to complete tests and quizzes; and (2) a reduced distraction testing environment. Director Flairty communicated the accommodations provided to Plaintiff to Defendant's Faculty members on or about February 23, 2021. Defendant's DMS Program Director, Jody Berg, and DMS faculty member, Taylor Peterson, refused to allow Plaintiff to use the accommodations granted to her by Director Flairty which resulted in Plaintiff failing three tests. Plaintiff was thereafter discharged from Defendant's DMS Program in May 2021. Ms. Wersching brings this lawsuit to compel Defendant to cease its discriminatory and retaliatory practices, to immediately reinstate her to the DMS Program, and upon her readmission, allow her use of the reasonable accommodations granted to

**EXHIBIT A**

1

her by Director Flairty as allowed under law. Plaintiff seeks declaratory and injunctive relief, compensatory damages, reimbursement of tuition, costs, other student fees assessed, attorney's fees, expenses, costs, and all damages allowed under law and deemed appropriate under the circumstances.

## PARTIES

3. Plaintiff Kristine Wersching lives in Bellevue, Nebraska.

4. Defendant NMC, located in Omaha, Nebraska, is a private institution of higher education that owns, operates and/or leases a public place of public accommodation pursuant to 42 U.S.C. §12181 (7)(J). Defendant is a recipient of federal financial assistance by virtue of its participation in federal programs including, but not limited to, the federal student loan program and the Servicemen's Readjustment Act of 1944 (commonly referred to as "the GI bill").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this disability action.

6. Venue in proper in the District of Nebraska pursuant to 28 U.S.C. §1391 (c) as Defendant conducts business in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff Kristine Wersching suffers from anxiety, a disability which substantially limits one or more of her major life functions.

8. Plaintiff was admitted into Defendant's Diagnostic Medical Sonography Program and started said program in August 2020. Plaintiff successfully completed the first semester of the DMS program.

9. In January 2021, pursuant to Offutt Airforce Base's Public Health Requirements & CDC Guidelines, Plaintiff was subject to a mandatory quarantine due to her child's COVID-19 diagnosis. Plaintiff's pre-existing anxiety condition was exacerbated as she was unable to attend her classes, labs, and clinicals at NMC during the mandatory quarantine period.

10. Due to her worsening anxiety, in February 2021, Plaintiff sought and received reasonable accommodation from Lisa Flairty, Defendant's Director of Academic Success.

11. The February 23, 2021 reasonable accommodations granted by Director Flairty to Plaintiff included: (1) extended time (1.5x) to complete tests and quizzes; and (2) a reduced distraction testing environment.

12. On February 23, 2021, Director Flairty communicated to Defendant's faculty the reasonable accommodations granted to Plaintiff. Plaintiff also personally forwarded Director Flairty's grant of reasonable accommodation email to Program Director Berg and to Defendant's Clinical Coordinator, Abigail Hallgren. Director Flairty told Plaintiff that she was going to have follow up communications with Program Director Berg regarding the accommodations granted to Plaintiff.

13. Starting in March 2021 and continuing through April 2021, Defendant's DMS Program Director, Jody Berg, refused to provide Plaintiff with the reasonable accommodations granted to her by Director Flairty.

14. Director Berg's discriminatory and retaliatory violations of the ADA and the Rehab Act are evidenced, in part, by the following: (1) Berg confessed to Plaintiff that she had deleted the email which outlined the reasonable accommodations which were to be provided by faculty to Plaintiff, (2) Berg told Plaintiff that the reasonable accommodation email "did not apply to her [referring to Berg]," (3) Berg refused to implement the reasonable accommodations approved for use by Plaintiff, (4) Berg refused or otherwise failed to engage in meaningful communications with Plaintiff regarding the accommodations granted to Plaintiff, (5) Berg made false representations about Plaintiff to Defendant's faculty and administrators, and (6) Berg engaged in discriminatory and retaliatory conduct which substantially aggravated Plaintiff's disability, including, but not limited to, engaging in hostile and aggressive acts towards Plaintiff after she requested that Berg comply with the approved accommodations and engaged in other acts which effectively sabotaged Plaintiff's ability to succeed academically in Defendant's DMS Program. Director Berg wrongfully believes that she is above the law.

15. Defendant's faculty member, Taylor Peterson, also engaged in discriminatory and retaliatory actions towards the disabled Plaintiff after Plaintiff engaged in protected activities, including, but not limited to, refused to implement the granted accommodations, and failed to report the known or suspected law violations or otherwise take appropriate action even though she knew or should have known that she and Berg were violating Plaintiff's statutory rights.

3

16. After Defendant failed to implement the granted reasonable accommodations, Plaintiff failed three competency examinations and was thereafter discharged from the DMS Program in May 2021.

17. Pursuant to Defendant's DMS Multispecialty Program Student Handbook, lab competencies and clinical examinations are considered examinations.

18. Plaintiff reported Berg's violations of the ADA and Rehabilitation Act prior to her discharge from the DMS Program. Defendant failed to take remedial action.

19. Plaintiff also appealed her failing grades pursuant to Defendant's policies. Defendant refused to grant Plaintiff's grade appeal.

20. During the grade appeal process, Plaintiff continued to report violations of disability laws and Defendant's failure to implement the reasonable accommodations granted. Defendant failed to act regarding Plaintiff's reported violations of federal disability laws.

21. At all times alleged herein, Defendant's employees were acting in the scope and course of their employment with Defendant.

22. At all times relevant, Defendant was aware of its duty and obligations under the aforementioned statutes. Defendant's conduct was willful and/or done with a reckless disregard of the Plaintiff's rights.

23. Plaintiff has suffered significant emotional distress as a result of Defendant's illegal conduct and has incurred substantial special damages, including, loss of GI bill tuition credits, lost wages, lost job opportunities and earnings, and other special damages. Plaintiff will continue to suffer said damages into the foreseeable future.

## FIRST CAUSE OF ACTION
## DISCRIMINATION - TITLE III OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

24. Defendant discriminated against the Plaintiff due to her disability when it failed to implement the reasonable accommodations granted, by denying her grade appeal, and discharging her from its DMS program. Said conduct is violative of the ADA.

25. Plaintiff has sustained substantial emotional distress and special damages as a result of Defendant's unlawful conduct and will continue to incur such damages into the foreseeable future.

## SECOND CAUSE OF ACTION
## DISCRIMINATION - SECTION 504 OF THE REHABILITATION ACT

Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

26. Defendant discriminated against the Plaintiff due to her disability when it failed to implement the reasonable accommodations granted, by denying her grade appeal, and discharging her from its DMS program. Said conduct is violative of the Rehabilitation Act.

27. Plaintiff has sustained substantial emotional distress and special damages as a result of Defendant's unlawful conduct and will continue to incur such damages into the foreseeable future.

## THIRD CAUSE OF ACTION
## RETALIATION - TITLE III OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

28. Defendant retaliated against the Plaintiff after she engaged in protected activities in violation of the ADA.

29. Plaintiff has sustained substantial emotional distress and special damages as a result of Defendant's unlawful conduct and will continue to incur such damages into the foreseeable future.

## FOURTH CAUSE OF ACTION
## RETALIATION - SECTION 504 OF THE REHABILITATION ACT

Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

30. Defendant retaliated against the Plaintiff after she engaged in protected activities in violation of the Rehab Act.

31. Plaintiff has sustained substantial emotional distress and special damages as a result of Defendant's unlawful conduct and will continue to incur such damages into the foreseeable future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate law or laws;

b. Issue a declaratory judgment that Defendant's practices subjected Plaintiff to discrimination and retaliation in violation of the ADA and the Rehab Act;

c. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals, such as Plaintiff, who suffer from a mental health condition, equal access to and an equal opportunity to participate in and benefit from Defendant's educational services or programs;

d. Issue an injunction ordering Defendant to readmit Plaintiff to the DMS program and further order Defendant to fully implement the previously approved reasonable accommodations granted to Plaintiff, and all other injunctive relief deemed appropriate by the Court;

e. Award Plaintiff all past, present, and future special damages to which she is entitled, including interest thereon;

f. Order Defendant to return or otherwise credit or reimburse Plaintiff or other appropriate entity for GI bill credits used for the Spring Semester 2021;

g. Award Plaintiff past, present, and future compensatory damages as allowed by law;

h. Award Plaintiff attorney's fees and costs;

i. Award Plaintiff such other and further relief as the Court deems just, reasonable, and appropriate to correct the wrongs done to the Plaintiff.

```
FOR:   KRISTINE WERSCHING, Plaintiff

BY:    s/Kathleen M. Neary_____
       Kathleen M. Neary    NSBA 20212
       POWERS LAW
       411 South 13th Street, Suite 300
       Lincoln, NE  68508
       (402) 474-8000
       Fax:  (402) 474-5006
       Email: kathleen@vpowerslaw.com
```

DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Omaha, Nebraska.

s/Kathleen M. Neary_____
Kathleen M. Neary   NSBA 20212

PRAECIPE

TO THE CLERK OF THE DISTRICT COURT:

Please issue summons for service upon the following via certified mail, return receipt requested.

Registered Agent for Nebraska Methodist College and Allied Health:

Deborah J Carlson,
720 N. 87th Street
Omaha, NE  68114

Please email the summons to kathleen@vpowerslaw.com.

s/Kathleen M. Neary_____
Kathleen M. Neary   NSBA 20212

7

| Image ID: | **SUMMONS** | |
|---|---|---|
| D00792125D01 | | Doc. No.   792125 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Kristine Wersching v. Nebraska Methodist College

Case ID: CI 22    3088

TO:   Nebraska Methodist College

**FILED BY**
Clerk of the Douglas District Court
04/27/2022

You have been sued by the following plaintiff(s):

   Kristine Wersching

Plaintiff's Attorney:   Kathleen M Neary
Address:                411 South 13th St, Suite 300
                        Lincoln, NE 68508

Telephone:              (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:   APRIL 27, 2022        BY THE COURT:    *John M. Friend*
                                                Clerk

Page 1 of 2

| Image ID: D00792125D01 | **SUMMONS** | Doc. No.   792125 |
|---|---|---|

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

>       Nebraska Methodist College
>       c/o Deborah J Carlson - Reg. Agent.
>       720 N 87th St
>       Omaha, NE 68114

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| | | |
|---|---|---|
| | **SERVICE RETURN** | Doc. No.   792125 |

```
              Douglas District Court
                  1701 Farnam
              Omaha            NE 68183
```

To:
Case ID: CI 22    3088 Wersching v. Nebraska Methodist College

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

   TOTAL              $ _____

Date: _____    BY: _____
                                     (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Nebraska Methodist College          From: Kathleen M Neary
    c/o Deborah J Carlson - Reg. Agent.       411 South 13th St, Suite 300
    720 N 87th St                             Lincoln, NE 68508
    Omaha, NE 68114
```

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI220003088
Transaction ID: 0018296449
Filing Date: 05/02/2022 11:42:11 AM CDT

# SERVICE RETURN

Doc No. 792125

Douglas District Court
1701 Farnam
Omaha                NE 68183

To:
Case ID: CI 22    3088  Wersching v. Nebraska Methodist College

Received this ...

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Nebraska Methodist College
   c/o Deborah J Carlson - Reg. Agent
   720 N. 87th Street
   Omaha, NE 68114

   9590 9402 6948 1104 0874 79

2. Article Number (Transfer from service label)

   7020 3160 0001 4117 7390

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  Victoria Cowell
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature                    ☐ Priority Mail Express®
   ☐ Adult Signature Restricted Delivery ☐ Registered Mail™
   ☒ Certified Mail®                    ☐ Registered Mail Restricted Delivery
   ☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
   ☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ... Mail
   ☐ ... Mail Restricted Delivery

KMN-Wersching

Domestic Return Receipt

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Nebraska Methodist College_

At the following address: _c/o Deborah J Carlson - Reg. Agent_
_720 N. 87th St._
_Omaha, NE 68114_

on the _27th_ day of _April_ _2022_, as required by Nebraska state law.

Postage $ _7.53_    Attorney for: _Kathleen M. Neary_
                                  _Kristine Wersching_

The return receipt for mailing to the party was signed on _April 29, 2022_

To: Nebraska Methodist College            From: Kathleen M Neary
    c/o Deborah J Carlson - Reg. Agent.         411 South 13th St, Suite 300
    720 N 87th St                               Lincoln, NE 68508
    Omaha, NE 68114

**ATTACH RETURN RECEIPT & RETURN TO COURT**

# Certificate of Service

I hereby certify that on Monday, May 02, 2022 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Nebraska Methodist College service method: No Service

Signature: /s/ Neary,Kathleen,M (Bar Number: 20212)